Colcock, J.
delivered the opinion of the Court.
The argument of the defendant amounts to this ; that the owner of the slaves Sustained but one injury, and, therefore, that the defendant is guilty of only one offence. The fallacy of this reasoning is exposed by shewing, that the injury to the owner docs not at all enter into the offence, and therefore, the circumstances which may characterize the injury, determine nothing as to the point in controversy. The Act declares it unlawful to trade with a slave without a permit; and the offenee consists in trading without such permit. It is of no consequence to whom the slave belongs, what the article he sells, how he came by it, or whose property it is. If it is purchased from him without the written permission of his master, the offence is complete. But suppose the injury to the master to be an ingredient of the offence, yet if it be an injury to him to buy from one of his slaves, it is certainly a repetition of it to buy from another. It is conceived that there is no room for doubt, when we look into the act which declares every trading with every slave unlawful.
The case cited from Cowper, is not analogous. There the offence consisted in the time when the act was done. A penalty was imposed for selling bread on Sunday. The offence was not in selling- bread, but selling it on Sunday; and, therefore, repeated acts of selling on the same Sunday, was not a repetition of the offence. The time was the essence of the offence, and only one penalty could be imposed for any number of acts at that time.
*3 Whether we look to the injury, the acts done, or the law, it is clear that, in this case, the defendant has committed distinct of-fences, and is liable to two prosecutions.
Motion refused»